IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID W PARKER,

    Plaintiff,

v.                                                          CASE NO. 1:08-cv-00024-MP-AK

ASAP PLUMBING OF GAINESVILLE INC,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 8, Motion to Dismiss ASAP's counter-claim, filed by David W Parker (Doc. 8). ASAP filed a response (Doc. 13). For the reasons stated below, the motion to dismiss is denied, but ASAP will be directed to amend its counterclaim.

On December 19, 2007, Parker filed suit against ASAP in state court claiming that ASAP violated the Fair Labor Standards Act ("FLSA") of the United States Code by failing to properly compensate him for overtime work. (See Doc. 1, Complaint ¶¶ 2 and 8). Because a claim arising under the FLSA presents a federal question, ASAP elected to remove the action to the jurisdiction of this Court. (Doc. 1, Defendant ASAP Plumbing of Gainesville, Inc.'s Notice of Removal of Civil Action ¶ 3). After removal, ASAP responded to Parker's allegations and alleged a counterclaim against Parker. (Doc. 3, Defendant ASAP Plumbing of Gainesville, Inc.'s Answer, Affirmative and Other Defenses and Counterclaim, at 3-4). ASAP made the following allegations in its counterclaim:

    1.    [Parker] and ASAP Plumbing contracted for [Parker's] services at a predetermined hourly rate. . . and ASAP Plumbing properly paid [Parker] that rate for all straight time hours plus one and one half times [Parker's] regular rate for each hour [Parker] worked in excess of 40 per work week . . .

    2.       Under their agreement, ASAP Plumbing provided [Parker] with compensation for additional hours not actually worked, which paid time off should not be included in [Parker's] regular rate for determining overtime compensation.

    3.       To the extent [Parker] claims he worked additional hours not reflected in the time for which he was paid, ASAP Plumbing compensated more than such hours by way of paying him for such additional time.

    4.       ASAP Plumbing relied on [Parker's] acceptance of payment for hours not worked under their agreement, and [Parker] knowingly accepted those payments, with the understanding that [Parker] was fully and legally compensated for all time worked.

    5.       Given that [Parker] is now claiming he was not legally paid, despite having accepted substantial compensation for hours not worked, he committed fraud such that payments above hours actually worked were wrongfully obtained by him.

    6.       ASAP Plumbing has been damaged by the amount of such overpayment it made.

(Doc. 3 at 3-4).

The counterclaim is titled "Counterclaim" and thus fails to expressly give a title to which legal theory it relies on. (See Doc. 3 at 3-4). Parker assumed the counterclaim was for fraud and moved to dismiss ASAP's counterclaim for at least two reasons: 1) the counterclaim failed to allege the essential elements of fraud; and 2) the counterclaim failed to allege fraud with the particularity required by Fed. R. Civ. P. 9(b). (Doc. 8 at 1-2). ASAP maintains the counterclaim should not be dismissed for three reasons: 1) the counterclaim adequately pleads a claim for fraud; 2) even if the counterclaim does not adequately plead fraud it still adequately pleads a claim for unjust enrichment; and 3) if the counterclaim does not adequately plead either fraud or unjust enrichment, ASAP should be granted leave to amend the counterclaim.

Federal courts apply a liberal pleading standard in civil actions. Under Rule 8, a pleading only needs "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to be adequate. Fed. R. Civ. P. 8(b). When determining whether a claimant has stated a

*Case No: 1:08-cv-00024-MP-AK*

claim for relief sufficient to survive a 12(b)(6) motion to dismiss, a court should keep several things in mind.  The Court must accept all allegations in the complaint as true and construe those allegations in the light most favorable to the non-moving party.  <u>Jackson v. Bellsouth Telecomm.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  However, bare assertions of legal conclusions are not enough to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  <u>In re Delorean Motor Co.</u>, 991 F.2d 1236, 1240 (6th Cir. 1993); <u>see also</u> <u>Associated Builders, Inc. v. Alabama Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) (a court is not bound to accept conclusory allegations and unwarranted deductions of fact).  Instead, the complaint must at least allege each material element of the claim directly or inferentially in order to survive a 12 (b)(6) motion to dismiss.  <u>See</u> <u>In re Delorean</u>, 372 F.3d at 1262; <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007) (citing a Seventh Circuit case for this same proposition approvingly).

In addition to the general pleading standards required under Rule 8, claimants attempting to state a claim for fraud must meet the requirements of Rule 9(b).  Rule 9(b) provides that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  Although Rule 9(b) applies a heightened pleading standard for claims of fraud, it must be read in conjunction with Rule 8's requirement of a short and plain statement showing that the claimant is entitled to relief.  <u>See</u> <u>Brooks v. Blue Cross and Blue Shield of Fla.</u>, 116 F.3d 1364, 1371 (11th Cir. 1997).  This standard is clearly met when the complaint sets forth: 1) precisely what statements or omissions were made and in what conversation or document they were made; 2) when and where the statements were made and who made them; 3) what the statements contained and how the statements misled the claimant; and 4) what was

obtained by the opposing party as a result of the fraud.  See id.

If a court finds that a pleading fails to state a claim (or in the case of fraud fails to meet the particularity requirement), the complaint is subject to dismissal.  However, in most cases the appropriate remedy is amendment of the complaint rather than the drastic sanction of dismissal. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) ("[A] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.").  Dismissal is an appropriate remedy in some instances. Id. (dismissal is "justified when a party chooses to disregard the sound and proper directions of the district court").

With regard to a fraud claim under Florida law, ASAP must allege that Parker 1) made a false statement of material fact, 2) knowing the statement was false at the time, 3) meaning to induce ASAP to act, 4) which resulted in ASAP suffering damages to state a claim for fraud. Wright v. Leasecomm Corp., 817 F. Supp.  106, 108 (M.D. Fla. 1993).  ASAP must allege these four elements at the very least inferentially in order to survive a motion to dismiss for failure to state a claim.  See In re Delorean, 991 F.2d at 1240.

The Court concludes that ASAP has failed to allege all four of these elements in a clear manner.  For example, the counterclaim alleges that "[g]iven that [Parker] is now claiming he was not legally paid, despite having accepted substantial compensation for hours not worked, he committed fraud . . . ." (Doc. 3 at 4 ¶ 5).  This statement is simply hard to understand, and does not sufficiently plead a case of fraud.  Using the phrase "committed fraud," (Doc. 3 at 4 ¶ 5), does not remedy the problem.  Although this Court must accept all factual allegations as true in ruling on a motion to dismiss, it is not "bound to accept as true a legal conclusion couched as a

factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).   Moreover, the Court declines ASAP's request that its counterclaim be construed to claim unjust enrichment.  Rather than attempt to piece together a valid legal theory from the difficult to understand allegations in the current counterclaim, the Court concludes that the better course is to allow ASAP to amend its counterclaim to better articulate the legal theories actually being relied upon.  It is hereby

**ORDERED AND ADJUDGED:**

The motion to dismiss (doc. 8) is denied, but the defendant is directed to file an amended counterclaim by Thursday, July 31, 2008, which clearly articulates the legal theory or theories relied upon and which alleges each of the material elements of each theory in a manner consistent with Fed. R. Civ. P. 8 and 9 (if applicable).

**DONE AND ORDERED** this  *18th*   day of July, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge